UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA                    1:19-CR-150 LJV (MJR)


                                            DECISION AND ORDER

     v.


EDWIN RAMIREZ-CORDONES,

                Defendant.
_____


     This case has been referred to the undersigned by the Hon. Lawrence J. Vilardo pursuant to 28 U.S.C. § 636(b)(1) for all pretrial matters and to hear and report upon dispositive motions. (Dkt. No. 5)

## BACKGROUND

     On July 16, 2019, a federal grand jury in the Western District of New York returned an indictment charging Edwin Ramirez-Cordones with the following crimes: (1) Conspiracy to Bring Aliens to the United States and Transport Aliens within the United States, in violation of Section 1324(a)(1)(A)(v)(I) of Title 8 of the United States Code (Count 1); (2) Alien Smuggling for Commercial Advantage and Private Financial Gain, in violation of Section 1324(a)(2)(B)(ii) of Title 8 of the United States Code (Counts 2 and 4); (3) Bringing an Alien to the United States at a Place Other than a Designated Port of Entry, in violation of Sections 1324(a)(1)(A)(i) and 1324(a)(1)(B)(i) of Title 8 of the United States Code (Counts 3 and 5) (the "Indictment"). (Dkt. No. 1) The Indictment also includes forfeiture allegations for the total sum of $8,300 in United States currency. (*Id.*)

Presently before the Court are defendant's pretrial motions for: (1) discovery pursuant to Rule 16 of the Federal Rules of Criminal Procedure; (2) a bill of particulars; (3) disclosure of witness statements; (4) the production of *Brady/Giglio* material; (5) disclosure of informant identities; (6) disclosure of evidence pursuant to Rules 404(b), 608 and 609 of the Federal Rules of Evidence; (7) disclosure of grand jury transcripts; (8) the exclusion of statements by non-testifying co-conspirators; (9) the ability to *voir dire* Government experts outside the presence of the jury; (10) an audibility hearing; (11) the preservation of rough notes; and (12) leave to file additional motions. (Dkt. No. 18) The Government has filed a response, which included a request for reciprocal discovery. (Dkt. No. 19) The Court's decisions as to defendant's omnibus discovery demands and the Government's request for reciprocal discovery are set forth in detail below.

## DISCUSSION

1.    *Rule 16 Discovery*

Defendant moves for discovery and inspection pursuant to Federal Rule of Criminal Procedure 16. (Dkt. No. 18, pgs. 17-26) Rule 16(a) requires the Government to disclose certain evidence and information upon request of a defendant. While Rule 16 was intended to provide for liberal discovery, a defendant is not entitled to discovery of "the entirety of the Government's case against him." *United States v. Percevault*, 490 F.2d 126, 130 (2d Cir. 1974). Rule 16 provides that a defendant is entitled to the following: (1) a defendant's written, recorded, or oral statements in the possession of the Government; (2) the defendant's prior record; (3) documents, objects, books, papers, photographs, etc. that will be used during the Government's case-in-chief; (4) reports of examinations or tests; (5) and information about expert witnesses in accordance with Fed. R. Evid. 702,

703 and 705. *See* Fed R. Crim. P. 16(a)(1). Rule 16 specifically exempts from disclosure "reports, memorandum, or other internal Government documents made by an attorney for the Government or other Government agent in connection with investigating or prosecuting the case." *See* Fed. R. Crim. P. 16(a)(2).

Defendant acknowledges that the Government has provided some voluntary discovery in this case. (*Id*.) Defendant further requests, *inter alia*, reports related to the arrest and booking process as well as all reports, documents and/or radio transmissions from the arrest scene; documentation, reports and inspection of any items seized from defendant pursuant to any searches or seizures; copies of any search warrants and related documentation; any statements made by defendant to law enforcement; tapes or electronic recordings sough to be introduced at trial; defendant's prior criminal record; any identification evidence that will be introduced at trial; and the results of any physical, mental and/or scientific examinations or tests the Government intends to introduce during its case-in-chief. (*Id*.) Defendant also requests disclosure of the names, identities, and qualifications of any expert witnesses the Government intends to introduce at trial, as well as a summary of their testimony, reports, and other findings. (*Id*.) Defendant also requests written notification, pursuant to Federal Rule of Criminal Procedure 12(b)(4), of any evidence the Government intends to introduce at trial during its case-in-chief. (*Id*.)

The Government responds that it has provided all discovery required under Rule 16 currently in its possession or has made such discovery available for inspection by defense counsel, including all photographs, papers, books, documents, and tangible objects it anticipates using at trial. (Dkt. No. 19, pgs. 7-13) The Government submits that it has provided all relevant documents to defendant under Rule 16(a)(1)(B) (*Defendant's*

3

*Written or Recorded Statement*) and that it will provide any additional statements made by defendant to law enforcement should it become aware of their existence. (*Id.*) The Government represents that it has not uncovered a criminal history for defendant nor is it aware of any evidence obtained pursuant to a search or seizure. (*Id.*) The Government agrees to comply with all expert discovery requirements under the Federal Rules of Criminal Procedure, the Federal Rules of Evidence, and the pretrial order issued by the District Court. (*Id.*) The Government also agrees to continue providing Rule 16 discovery, if and when additional relevant discovery becomes known to the Government. (*Id.*) The Government states that it intends to use all items of evidence that defendant has been provided with or made aware of in accordance with Federal Rule of Criminal Procedure 12(b)(4)(A). (*Id.*)

Based upon the representations made by the Government, defendant's request for discovery pursuant to Rule 16 is denied as moot. The Government is reminded that its disclosure obligations pursuant to Rule 16 and its notice obligations pursuant to Rule 12 continue up through and during trial. *See* Fed. R. Crim. P. 16(c) and 12(b)(4)(A). Finally, the Government is expected to comply with all requirements in Rule 16, Federal Rules of Evidence 702, 703, and 704, and Judge Vilardo's pretrial order as they apply to expert testimony.

2.     *Bill of Particulars*

Defendant requests a bill of particulars pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure. (Dkt. No. 18, pgs. 4-9) Defendant seeks, *inter alia*, a list of all

unindicted co-conspirators; the specific dates, times, and places that defendant committed the crimes charged in the Indictment; whether a confidential source was fitted with any recording device; how defendant specifically committed the acts charged in the Indictment, including how he acted in reckless disregard of the fact that the individuals named in the Indictment were not authorized to enter the United States and how he acted for purposes of financial gain; and the particular place where defendant brought individuals into the United States. (*Id.*)

Federal Rule of Criminal Procedure 7(f) "permits a defendant to seek a bill of particulars in order to identify with sufficient particularity the nature of the charge pending against him, thereby enabling defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense." *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987). However, "[t]he Government may not be compelled to provide a bill of particulars disclosing the manner in which it will attempt to prove the charges, the precise manner in which the defendants committed the crimes charged, or a preview of the Government's evidence or legal theories." *United States v. Rittweger*, 259 F. Supp. 2d 275, 291 (SDNY 2003). In determining whether a bill of particulars is warranted, a court is to consider "the complexity of the offense, the clarity of the indictment, and the degree of discovery otherwise afforded to defendants." *United States v. Shoher*, 555 F. Supp. 346, 349 (SDNY 1983). It is well-settled that acquisition of evidentiary detail is not the purpose of a bill of particulars. *United States v. Torres*, 901 F.2d 205234 (2d Cir. 1990).

The charges here are neither complex nor difficult to understand. The Indictment charges Ramirez-Cordones with participating in a conspiracy, between in or about

November 2017 through on or about May 21, 2019, to (1) bring persons into the United States at a place other than a legally designed port of entry, and (2) transport and move those individuals within the United States, with the knowledge that these individuals had entered and remained in the United States in violation of the law. (Dkt. No. 1) Counts 2 through 5 of the Indictment allege, in sum and substance, that on May 21, 2019, Ramirez-Cordones brought two named individuals into the United States at a place other than a legally designated port of entry; that Ramirez-Cordones knew or acted in reckless disregard of the fact that these individuals were not lawfully entitled to enter or remain in the United States; and that he engaged in this conduct for the purpose of commercial advantage and private financial gain. (*Id.*) Indeed, the Indictment specifically names one of the co-conspirators alleged to have acted together with defendant, and specifically names the two individuals illegally brought or smuggled into the United States by defendant on May 21, 2019. (*Id.*) According to the Government, defendant has been provided with all required discovery, including audio and video recordings, statements, photographs, and other documents. The Government also notes that it discussed much of the evidence against defendant during the detention hearing.

Considering the allegations in the Indictment in conjunction with the materials produced in discovery, the Court finds that defendant has been provided with sufficient information to inform him of the charges against him, prepare a defense, avoid surprise at trial, and ensure against double jeopardy. The additional details sought in the instant motion amount to an attempt to use a bill of particulars as a discovery device. *See e.g., United States v. Biaggi*, 675 F. Supp. 790, 809 (S.D.N.Y 1987) (defendants request for "each alleged date, time, person present, place, nature of conversation [and] amount" is

an "impermissible attempt to compel the Government to provide evidentiary details of its case."); *United States v. Jimenez*, 824 F. Supp. 351, 363 (S.D.N.Y. 1993) (A bill of particulars is "not to be used as a general investigative tool for the defense, as a device to compel the disclosure of the Government's evidence or its legal theory prior to trial, or to foreclose the Government from using proof it may develop as the trial approaches.").

For these reasons, defendant's request for a bill of particulars is denied.

3.    *Witness Statements*

Defendant requests disclosure of witness statements at least 60 days prior to trial. (Dkt. No. 18, pgs. 26, 42)

The Government has no general duty to disclose the identities of its witnesses before trial. *United States v. Bejasa*, 904 F.2d 137, 139 (2d Cir. 1990). Section 3500 of Title 18 of the United States Code requires that the government, on motion of defendant, disclose a government witness's prior statements that are in the government's possession and relate to the subject matter of the witness's direct testimony ("*Jencks* material"). *See also Jencks v. United States*, 353 U.S. 657 (1957); Fed. R. Crim. P. 26.2 (procedure for producing a witness statement). A witness statement is defined as: (1) a written statement by a witness that is signed or otherwise adopted or approved by the witness; (2) a substantially verbatim recording or transcription of a witness's oral statement; or (3) any statement however taken or recorded made by the witness to the grand jury. 18 U.S.C. 3500(e). Statements are not required to be produced, by law, until after the witness has testified on direct examination, and the Court cannot mandate that they be produced sooner. *See* 18 U.S.C. §3500(a); Fed. R. Crim. P. 26.2(a).

The Government indicates that it will produce *Jencks* material prior to trial and when required to do so by the District Court. (Dkt. No. 19, pg. 15) In light of these representations, defendant's request for disclosure of witness statements is denied as moot.

4.    *Brady/Giglio Material*

Defendant moves for the disclosure of any favorable, exculpatory or impeachment materials pursuant to *Brady*, *Giglio* and their progeny. (Dkt. No. 18, pgs. 26-41) The Government has an obligation to disclose exculpatory material, or material favorable to an accused as to either guilt or punishment, even when no affirmative request has been made. *Brady v. Maryland*, 373 U.S. 83, 87 (1963). Material "favorable to an accused" includes not only evidence that affirmatively tends to exculpate the defendant, but also information that impeaches the credibility of Government witnesses. *See Giglio v. United States*, 405 U.S. 150, 154-55 (1972). The test for materiality is whether "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Bagley*, 473 U.S. 667, 682 (1985). Evidence may be material for *Brady* purposes even if it is not admissible, as long as it could lead to the discovery of admissible evidence. *United States v. Gill*, 297 F.3d 93, 104 (2d Cir. 2002). "[A]s a general rule, *Brady* and its progeny do not require immediate disclosure of all exculpatory and impeachment material upon request by a defendant." *United States v. Coppa*, 267 F.3d 132, 146 (2d Cir. 2001). "[A]s long as a defendant possesses Brady evidence in time for its effective use, the government has not deprived the defendant of due process of law simply because it did not produce the evidence sooner." *Id*. at 144.

Here, the Government acknowledges its affirmative continuing duty to provide defendant with exculpatory evidence, as well as evidence defendant might use to impeach the Government's witnesses at trial. (Dkt. No. 19, pgs. 13-15) Further, the Government agrees to provide *Giglio* material prior to trial, at the same time it produces *Jencks* material, and in accordance with the District Court's scheduling order. (*Id.*) Given the Government's representations and for the reasons just stated, defendant's motion to compel the production of *Brady/Giglio* material is denied as moot. The Government is reminded of its continuing *Brady* obligations and, consistent with *Coppa*, the Government shall timely disclose any *Brady* and *Giglio* material to defendant. *See United States v. Padovani*, 14-CR-00224, 2016 WL 5402696, at *4 (W.D.N.Y. Sept. 28, 2016).

5.   *Disclosure of Informant Identities*

Defendant requests the names and addresses of any Government informants or confidential sources, as well as related Government reports and relevant impeachment material. (Dkt. No. 18, pgs. 9-17)

The Government has a qualified privilege to withhold information concerning the names of confidential informants that it does not intend to call as witnesses. *See Rovario v. United States*, 353 U.S. 53, 60-62 (1957). To that end, a defendant seeking the identity of a confidential informant must make some evidentiary showing as to why disclosure is significant to determining defendant's guilt or innocence. *See United States v. Jimenez*, 789 F.2d 167, 170 (2d Cir. 1986) (defendants face a "heavy burden" of establishing that disclosure is essential to the defense). Here, defendant fails to make a sufficient showing as to how disclosure of informant identities is significant or essential to his defense. If and when informants are to be called as witnesses at trial, defendant will have access to their

identities as well as all relevant impeachment material, prior statements, and notes of their interviews. In addition, should informants reveal exculpatory information at any time, the Government has an ongoing duty to disclosure this information in time for its effective use at trial. For these reasons, defendant's request for disclosure of informant identities is denied.

6.    *404(b) and Impeachment Evidence*

Defendant moves for disclosure of any evidence of prior crimes or bad acts the Government intends to introduce at trial pursuant to Federal Rule of Evidence 404(b). (Dkt. No. 18, pgs. 41-42) Defendant also moves for pretrial disclosure of impeachment evidence pursuant to Federal Rules of Evidence 608 and 609. (*Id*.) The Government states that it will disclose any evidence in its possession which might fall under the ambits of Rules 404(b), 608, and 609 in advance of trial and in accordance with the District Court's pretrial order. (Dkt. No. 19, pgs. 15-16)

The Government is required to provide "reasonable notice in advance of trial" of the general nature of prior uncharged crimes or bad acts it intends to introduce against a defendant. *See* Fed. R. Evid. 404(b). Based upon the Government's representation that it will disclose Rule 404(b) evidence and impeachment evidence in advance of trial when required to do so by the District Court, defendant's motion is denied as moot. The issue of admissibility of evidence pursuant to Federal Rules of Evidence 404(b), 608 and 609 is left to the determination of Judge Vilardo at the time of trial.

7.    *Grand Jury Transcripts*

Defendant requests transcripts of all testimony before and all exhibits considered by the grand jury. (Dkt. No. 18, pgs. 44)

The Government has an obligation to disclose any grand jury testimony that constitutes 3500, *Brady* or *Giglio* material. Notwithstanding this material, a defendant is not entitled to inspect grand jury minutes and evidence without producing "concrete allegations of government misconduct." *United States v. Leung*, 40 F.3d 577, 582 (2d Cir. 1994). Defendant has not made any such allegations here nor has he demonstrated a particularized need for the material. Therefore, defendant is not entitled to view grand jury testimony and evidence. *See United States v. Ulbricht*, 858 F.3d 71, 106-107 (2d Cir. 2017) (to be entitled to disclosure of grand jury proceedings, a defendant must show a particularized need that outweighs the strong government and public policy interests in the secrecy of grand jury proceedings); *United States v. Ayeki*, 289 F. Supp. 2d 183, 186 (D. Conn. 2003) ("grand jury proceedings carry a presumption of regularity, and a review of grand jury minutes is rarely permitted without specific factual allegations of government misconduct.") Therefore, to the extent defendant is requesting grand jury material that is not also 3500, *Brady* or *Giglio* material, his request is denied.

   8.   *Statements by Non-Testifying Co-Conspirators*

Defendant moves for pretrial disclosure of co-conspirator statements and requests that the Court bar admission of all post-arrest statements by non-testifying co-conspirators which may implicate him in any way. (Dkt. No. 45, pg. 3) The Government submits that it will proffer evidence in support of the admission of out-of-court co-conspirator statements at the time required by the District Court, and that its timely disclosure of documents and 3500 materials will be more than sufficient to support a preliminary finding, by the trial court, as to a foundation for admission of co-conspirator statements. (Dkt. No. 19, pgs. -3)

Rule 16 does not provide for the disclosure of co-conspirator statements. To the extent that co-conspirator statements exist and constitute 3500, *Giglio* or *Brady* material, those statements will be disclosed in advance of trial and in accordance with the procedures discussed above. Otherwise, Federal Rule of Evidence 801(d)(2)(E) does not contain a requirement as to pretrial notice of statements. Finally, the admissibility of any co-conspirator statements, as well as any *Bruton* implications, are best addressed by the District Judge at the time of trial. *See United States v. Anguiera*, 11-CR-116; 2012 U.S. Dist. LEXIS 51862 (W.D.N.Y. April 12, 2012) ("[T]he relief sought for excluding non-testifying co-conspirator statements…[i]s better considered by the District Judge prior to trial and deferred for that consideration.")

Therefore, defendant's requests for disclosure and preclusion of certain co-conspirator statements are denied without prejudice to renew the requests before Judge Vilardo at the time of trial, should the Government intend to introduce such statements at that time.

9. *Voir Dire of Government Experts*

Defendant moves for an order allowing his counsel to *voir dire* any Government experts outside the presence of the jury. (Dkt. No. 18, pgs. 44-45) Determinations as to the manner of *voir dire* of experts are to be made by the District Judge at the time of trial. Therefore, defendant's motion is denied without prejudice for renewal before Judge Vilardo.

10. *Audibility Hearing*

Defendant reserves his right to request an audibility hearing to determine whether any recordings the Government seeks to introduce at trial are audible. (Dkt. 18, pgs. 45-

46) The Government indicates that it has provided defendant's counsel with audio and video recordings it intends to introduce at trial. (Dkt. No. 19, pg. 20) However, defendant fails to point to any specific communication or recording that is inaudible. Because defendant does not raise any specific argument that an audio or video recording is inaudible, and because the District Court will determine what evidence is introduced to the jury and in what form, this request is denied without prejudice for renewal before Judge Vilardo, should it become relevant at the time of trial.

      11.    *Preservation of Rough Notes*

Defendant moves for the preservation of all rough notes taken by government officers or agents as part of the investigation, whether or not incorporated into official records. (Dkt. No. 18, pgs. 43-44) Defendant also requests the preservation of all evidence acquired during the investigation. (*Id*.) The Government has no objection to the request and indicates that it will instruct agents and officers involved in this case to continue to preserve their notes. (Dkt. No. 19, pg. 18) The Court grants defendant's motion and directs the Government to continue to arrange for the preservation of all rough notes and evidence.

      12.    *Leave to File Additional Motions*

Defendant moves to reserve the right to make further motions as necessary. (Dkt. No. 18, pgs. 46-48) To the extent defendant intends to bring motions based upon new information or evidence that has not yet been disclosed, his request for leave to file additional motions is granted. To the extent defendant intends to bring motions concerning issues that could have been raised prior to the previous motion deadline,

defendant's request is denied without prejudice to bring the motion upon a showing of good cause for the untimely filing.

*Government's Motion for Reciprocal Discovery*

The Government moves for reciprocal discovery pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure including the opportunity to inspect, copy or photograph books, papers, documents, photographs, tangible objects or copies or portions thereof which are in the possession, custody or control of defendant and which defendant intends to introduce as evidence at trial. (Dkt. No. 19, pgs. 21-22) The Government requests the results or reports of any physical or mental examinations or scientific tests or experiments made in connection with the case, and a written summary of any expert witness testimony. (*Id.*) The Government's motion for reciprocal discovery is granted, and defendant is reminded that his disclosure obligations continue up through and during trial. *See* Fed. R. Crim. P. 16(c).

## CONCLUSION

For the foregoing reasons, Edwin Ramirez-Cordones' pretrial motions (Dkt. No. 18) are decided in the manner set forth above, and the Government's request for reciprocal discovery (Dkt. No. 19) is granted.  The parties are directed to contact Judge Vilardo's chambers to schedule a trial date.

**SO ORDERED**.

Dated:      July 26, 2022
            Buffalo, New York

                                        */s/ Michael J. Roemer*
                                        MICHAEL J. ROEMER
                                        United States Magistrate Judge